# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME WANT | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-19-1201 |
| SCHURZ COMMUNICATIONS, GATEHOUSE MEDIA, ANDREW BRUNS, BRIAN LYNCH, | * * | |
| Defendants | | |

\*\*\*

## MEMORANDUM

On April 24, 2019, plaintiff Jerome Want filed the above-captioned lawsuit, ECF 1, together with a Motion to Proceed in Forma Pauperis, ECF 2. Because he appears indigent, the court will grant the motion. For the foregoing reasons, the court will dismiss the complaint for lack of jurisdiction.

The complaint raises claims concerning two separate sets of facts. First, plaintiff states that Antietam Cable and its employee Brian Lynch have refused to provide him with a package of services for cable TV, internet, and phone service; instead, the plaintiff claims that Lynch has "permitted" plaintiff to have "TV service only." ECF 1 at p. 3. Plaintiff states that all three services as one package would be "approximately the same cost as just the TV" and "far less than what [he] is paying now for disjoined service from several providers." *Id.* He claims this denial of services has harmed him because "he needs internet to conduct research for business purposes and to send professional materials to prospective clients." *Id.* Plaintiff states that he has been unable to work due to a disability, but that he is attempting to return to his former profession. *Id.*

He adds that the actions of Antietam Cable prevent him from researching companies or sending information about his consulting via internet; and constitutes a breach of contract. *Id.* at pp. 6–7.

Plaintiff also alleges that the Herald Mail, a Washington County, Maryland newspaper, published a front-page story about his February 2018 arrest for telephone misuse that included his photograph. ECF 1 at pp. 3–4. Plaintiff maintains that the article, which is available through a Google[1] search, has damaged his attempts to return to work "as world class management consultant" because after its publication he stopped receiving "call backs to consulting inquiries which he routinely received in the past." *Id.* at p. 4. Plaintiff states that the criminal charges against him were nolle prossed but that the Herald Mail refused his request to print details regarding the dismissal of the charges.[2] *Id.* at p. 5. He also states that Gatehouse Media, the parent company for the Herald Mail, "has been given a chance to withdraw the Google article" but refused and challenged plaintiff to sue them. *Id.*

With regard to the publisher of the Herald Mail, Andrew Bruns, plaintiff complains that when he subscribed to the Wall Street Journal, which is distributed by the Herald Mail, his paper was always delivered late and sometimes not at all. *Id.* at p. 4. Plaintiff states that the Wall Street Journal provides its customers a guarantee that "you do not have to pay for the paper if is not delivered to your front door by 7AM." *Id.* After plaintiff's complaints to the Herald Mail were ignored, he states that Andrew Bruns came to his door and engaged in an argument with him. *Id.* at p. 5. When the "discussion became heated" Bruns "took out a cell phone from his jacke[t] pocket to show he was recording the conversation." *Id.* As a result, plaintiff states that he "cannot

---

[1] https://www.heraldmailmedia.com/news/local/hagerstown-man-accused-of-making-racially-charged-phone-calls/article_cd1489c4-0c20-11e8-bf14-63bb18f8429f.html (last visited May 2, 2019).
[2] An article stating the charges against Mr. Want were nolle prossed was published on July 25, 2018. *See* https://www.heraldmailmedia.com/news/local/racism-telephone-harassment-charges-dropped-against-hagerstown-man/article_f5adbc88-9047-11e8-85d0-8b99a5d57148.html (last visited May 2, 2019).

2

utilize the WSJ for business intelligence in his attempt to return to work" and must "purchase the paper at a cost of $4 per issue." *Id.*

Plaintiff alleges that the corporations which own both Antietam Cable and the Herald Mail, Schurz Communications, and Gatehouse Media, have engaged in retaliation against him for his prior complaints. *Id.* at p. 6. He also alleges that "since there are no federal laws against defamation" he is "charging the defendants with Malfeasance for their willful and deliberate actions to libel" him. *Id.* He asserts that Antietam Cable and Herald Mail have committed tortious interference in his attempts to establish a business practice, have violated the Americans with Disabilities Act because it is "extremely difficult, physically, for [him] to walk to and from the library to use the internet;" and have breached their contractual obligations with him. *Id.* at pp. 6–7. He further lists causes of action against all defendants for fraud, malfeasance, failure to perform, gross negligence, First Amendment violations, and illegal wiretapping.[3] *Id.* at pp. 7–8.

Plaintiff filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93–94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th

---

[3] Plaintiff's claim for illegal wiretapping is based on his allegation that Bruns recorded their conversation without his permission. ECF 1 at p. 8.

3

Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722–23 (4th Cir. 1989).

Plaintiff invokes this court's federal question jurisdiction. This court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, the only claims that involve federal or constitutional law are plaintiff's claims invoking the Americans with Disabilities Act and the First Amendment; however, neither claim is properly raised. The ADA prohibits discrimination against individuals with disabilities in employment, 42 U.S.C. § 12111, *et seq.*, prohibits public entities, including "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government," *id.* § 12131(1), from discriminating "by reason of" disability against a "qualified individual with a disability," and prohibits discrimination against individuals with disabilities in public accommodations, *id.* § 12181 *et seq.* None of the named defendants are government entities, and plaintiff's claims regarding delivery of a newspaper and providing him with cost-effective access to cable, internet, and phone are not employment or public accommodation claims.

Plaintiff's First Amendment claim fails for a similar reason: none of the named defendants are State actors. In limited circumstances seemingly private conduct can be the subject of a constitutional claim.

> [W]e have recognized four exclusive circumstances under which a private party can be deemed to be a state actor: (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor;

4

(3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.

*DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999) (citing *Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993)). None of the acts or conduct alleged by plaintiff falls within these four categories of conduct. "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews*, 998 F.2d at 217.

Plaintiff's attempts to recharacterize his defamation and breach of contract claims as federal causes of action for fraud and "malfeasance" also fail. The label applied to a cause of action does not change the characteristics of the cause of action and convert it into a federal claim. The facts alleged by plaintiff are, at best, state causes of action. Those claims, however, may not be brought in this court where, as here, there is no basis for this court's diversity jurisdiction. *See* 28 U.S.C. § 1332 (requiring parties to be citizens of different States and the amount in controversy to be $75,000 or more). Here, two of the named defendants reside in Maryland.

The complaint must therefore be dismissed without prejudice for lack of jurisdiction. A separate order follows.

5/10/19
Date

Catherine C. Blake
United States District Judge

5